[Cite as *State v. Evans*, 2022-Ohio-1882.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA1148 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Phillip Evans, | : | |
| Defendant-Appellant. | : | **RELEASED 5/27/2022** |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

David Kelley, Adams County Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

{¶1}   Phillip Evans appeals his conviction for abduction and for his sole assignment of error contends that his sentence must be set aside because the trial court did not provide proper post-release control notifications at the sentencing hearing or in the judgment of conviction. Evans argues that under the post-release control statute, the court should have notified him that he was subject to a period of post-release control for a period of "up to three years, but not less than one year." Instead, the court notified him that post-release control was for "Three (3) years." The state agrees and requests that we remand the proceedings for resentencing on the limited matter of post-release control.

{¶2}   Our review of the sentencing hearing transcript and the judgment of conviction finds that the trial court erred in its post-release control notification at the hearing and in the judgment of conviction. We sustain Evans's sole assignment of error

and remand the matter to the trial court for re-sentencing to provide the proper post-release control notification.

## I. PROCEDURAL HISTORY

{¶3}    In September 2021, Evans was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony.  Pursuant to a stipulated plea agreement, Evans pleaded guilty to an amended charge of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony, and agreed to serve 18 months in prison, plus an additional 1,410 days in prison as a sanction for committing a felony while on post-release control, to be served consecutively.

{¶4}    At the sentencing hearing the trial court notified Evans that he would be subject to a period of post-release control of three years. The judgment of conviction also contains the following notification: "The Court has further notified the defendant that post release control is Mandatory in this case for Three (3) years."

## II. ASSIGNMENT OF ERROR

{¶5}    Evans assigns the following error for our review:

I.     The sentence must be set aside because the trial court did not provide proper post-release control notifications at sentencing making the sentence voidable.

## III. LAW AND ANALYSIS

{¶6}    In his sole assignment of error, Evans asserts that the trial court erred when it provided notification of his post-release control period. The trial court notified him that the period of post-release control was a three-year period, when it should have notified him that it was up to three years, but not less than one year. The state agrees and asks us to remand for resentencing on the post-release control period.

{¶7}    Evans was convicted of abduction in violation of R.C. 2905.02(A)(2), a third-degree felony. Under the relevant post-release control provision, R.C. 2967.28(B)(4), Evans was subject to post-release control for a period of "up to three years, but not less than one year." The trial court erred in its notification of post-release control at the hearing and in the judgment of conviction when it notified Evans that his period of post-release control was three years. Thus, the error cannot be corrected with a nunc pro tunc entry and must be remanded for resentencing. *See State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 260-262 (where both the sentencing hearing and the entry omitted proper sentencing findings, the matter must be remanded for resentencing and cannot be corrected with a nunc pro tunc entry); *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42 ("When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal.").

{¶8}    Accordingly, we sustain Evans's sole assignment of error, reverse the trial court's judgment, and remand for resentencing for proper notification of the post-release control period.

JUDGMENT REVERSED AND CAUSE REMANDED FOR
RESENTENCING.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
    Michael D. Hess, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**